Fremont-Smith, Thayer, J.
Plaintiffs move by motion for summary judgment for an order annulling the decision of the Cambridge Zoning Board of Appeals (“ZBA”) which granted a comprehensive permit to Cambridge Affordable Housing Corp for an affordable housing complex, on the ground that the ZBA’s decision was “legally untenable” or “unreasonable, whimsical, capricious or arbitrary” and thus was in violation of M.G.L.c. 40B. Plaintiffs contend that because the permit effectively authorized a building contractor to trespass on plaintiffs’ property in order to erect the building, it should be annulled.
Far' from indicating that the ZBA’s decision was improper, it was undisputed at the hearing that at no time during the numerous public hearings or otherwise did the plaintiffs object, as they now do, that construction of the proposed housing would necessitate a trespass onto their properly. Accordingly, the ZBA had no reasonable basis to anticipate this possibility nor can plaintiffs cite any legal authority for the proposition that a ZBA is obligated to investigate such a possibility before issuing a permit in these circumstances.
There are, moreover, additional reasons which require denial of summary judgment for either side at this time, which include the following.
1. There is a dispute of material fact as to whether the later-modified permit (creating a setback of 4 feet rather than 0.4 feet) obviates the need for entry onto the Trust property.
2. Any future trespass by a building contractor can be addressed by way of a separate legal action at the time it actually occurs. By issuing a zoning permit, a ZBA does not authorize any illegal conduct by the permit holder such as the anticipated trespass here. Lummis v. Lallys, 385 Mass. 41, 46, 47 (1982); Ferriter v. Herluhy, 287 Mass. 138, 143 (1934).
3. Denying a construction permit and allowing the YWCA building to continue after many years, to remain vacant, could constitute waste in violation of the statutory intent of c. 40A. See: Sorrentino v. Muse, 14 Mass. L. Rptr. 77 (2001).
ORDER
For these reasons and for the other reasons stated in defendants’ opposition and at the hearing, plaintiffs’ motion is denied. The trial date is continued, and discovery is extended by 30 days to permit the depositions of the expert witnesses who were identified at the hearing. Following this, either side may file additional Rule 56 motions by January 10, 2010.